UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| THE BOSTON INSTITUTE FOR | ) | CHAPTER 7 |
| PSYCHOTHERAPY, INC., | ) | CASE NO. 16-13161-FJB |
| | ) | |
| Debtor | ) | |

### CHAPTER 7 TRUSTEE'S MOTION FOR THE ENTRY OF AN ORDER AUTHORIZING HIM TO RETURN THE JOYCE SLOSBERG SCHOLARSHIP FUND TO ITS DONOR

Mark G. DeGiacomo, the Chapter 7 Trustee (the "Trustee"), of The Boston Institute for Psychotherapy, Inc. (the "Debtor"), hereby moves this Court for the entry of an Order authorizing the Trustee to return to the donor the amount of approximately $38,890.00 which the Debtor held in a segregated account as the Joyce Slosberg Scholarship Fund (the "Scholarship Funds").

In support of this Motion (the "Motion"), the Trustee states as follows:

### JURISDICTION

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.     Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The basis for the relief requested herein is section 541(d) of title 11 of the United States Code (the "Bankruptcy Code").

### BACKGROUND

4.     On August 12, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

5.     On August 15, 2016, the Trustee was appointed as the Chapter 7 Trustee of the bankruptcy estate of the Debtor.

6.     Based on information contained in the Debtor's Statement of Financial Affairs and testimony during the Section 341 meeting, the Trustee determined that the Debtor held an account at Fidelity Investment which was designated as the Joyce Schlossberg Scholarship Fund (the "Scholarship") and contained approximately $38,890.00.

7.     Joyce Slosberg studied at the Debtor for three years, and worked there as a supervisor for several years. She died in 2005. Her family established the Scholarship with the Debtor in her memory to provide future students with the financial resources to fund their post-graduate health education. The Scholarship awarded approximately $5,000 annually to students selected by the Debtor.

8.     On or around December 16, 2005, Joyce Slosberg's widower, Myles Slosberg, provided the Debtor with a memorandum that outlined  how the Scholarship should be used (the "Memorandum"). A true and accurate copy of the Memorandum is attached as Exhibit A.

9.      During the years following the establishment of the Scholarship, the Debtor's employees consistently sought approval from Mr. Slosberg concerning the granting of the Scholarship, and use and investment of the Scholarship.

10.    The Scholarship is currently held in a Fidelity Investment Account that stands in the Debtor's name. This account was kept separate from the Debtor's operating funds.

11.    The Trustee has been informed that upon return of the Scholarship Funds, Mr. Slosberg intends to redirect the funds to a nonprofit whose purpose and mission are similar to the Debtor's.

## RELIEF REQUESTED

12.    By this Motion, the Trustee seeks an order from this Court authorizing the Trustee to return the Scholarship Funds to the donor, Myles Slosberg.

## SUPPORTING AUTHORITY

13.    A Debtor's voluntary commencement of a bankruptcy case automatically creates an estate. *See* 11 U.S.C. § 541(a)(1). All legal or equitable interests of the Debtor in property at commencement of the case comprise the bankruptcy estate. *Id.* The Bankruptcy Code, however, carves out from the bankruptcy estate certain property to which the Debtor holds only legal but not equitable title.

14.    Specifically, Section 541(d) provides, in relevant part, that "property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate under subsection (a)(1) or (2) of this section *only* to the extent of the debtors' legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." 11 U.S.C. § 541(d) (emphasis added); *see also* 5 L.P. King et al., *Collier on Bankruptcy* P 541.28 (16th ed. 2010) ("It is a fundamental rule that the estate succeeds only to title and rights in the property that the debtor possessed."); *City of Springfield v. Ostrander (In re LAN Tamers, Inc.)*, 329 F.3d 204, 210 (1st Cir. 2003) ("The plain text of § 541(d) *excludes* property from the estate where the bankrupt entity is only a delivery vehicle and lacks any equitable interest in the property it delivers.") (emphasis added).

15.    In the absence of controlling federal law, state law determines the debtor's legal and equitable interests in property. *See Butner v. United States*, 440 U.S. 48, 54 (1979) (superseded by statute on other grounds).

16.    Under Massachusetts law, a transfer of property to another person as trustee for a charitable purpose creates a charitable trust. Mass. Gen. Laws c. 203E, §§ 401-02 (2012); Restatement (Second) of Trusts § 349, cmt. c (1957); *see also Ventura v. Ventura*, 555 N.E.2d 872 (Mass. 1990) ("Whether a trust is created depends primarily upon the manifestation of the [settlor] of an intention to create a trust.") (internal quotation marks and citations omitted). A settlor may create a charitable trust "for the relief of poverty, the advancement of education or religion, the promotion of health, governmental or municipal purposes or other purposes which are beneficial to the community." Mass. Gen. Laws c. 203E, § 405 (2012). Here, Mr. Slosberg transferred the Scholarship funds with the intention that the funds were to be held in trust by the Debtor for the specific and limited purpose of educating mental health professionals at the Debtor's facilities.

17.    In a similar context, the First Circuit held that a debtor had no equitable interest in a federal subsidy intended for a public school, and thus section 541(d) excluded such property from the estate. *In re LAN Tamers, Inc.*, 329 F.3d 204, 212-13 (interpreting section 541(d) expansively, so as to include situations in which the debtor acts as a "mere delivery vehicle" for the property in question).

18.    Bankruptcy courts in other districts have held that the Bankruptcy Code excludes charitable trusts from the property of the estate. For example, in *Bishop College v. Ameritrust Texas, N.A. (In re Bishop College)*, 151 B.R. 394, 395 (Bankr. N.D. Tex. 1993), the court considered whether two charitable trusts constituted property of the estate after a Chapter 7 trustee sought turnover of the funds. The court held that the debtor had no interest in the two charitable trusts because the language of the wills made clear the funds were to be dedicated to educational purposes at the bankrupt college—a purpose now impracticable. 151 B.R. at 400.

4

The court looked to the Restatement (Second) of Trusts to find that when a trust fails, and the

doctrine of *cy pres* is inapplicable, then the charitable trust reverts to the settlors' estate. *Id.* at

401; *see also Hunter v. St. Vincent Medical Ctr. (In re Parkview Hosp.)*, 211 B.R, 619, 641

(Bankr. N.D. Ohio 1997) (holding that the bankruptcy estate as charitable trustee possessed only

legal title to funds held in an account, and thus under section 541(d), it could not be property of

the estate).

  19. The Debtor, as a trustee for the Scholarship, has no equitable interest in the

Scholarship. Moreover, the Debtor's bankruptcy renders the specific purpose of the trust

impossible. Accordingly, the Trustee should be authorized to return the Scholarship Funds to the

donor.

  WHEREFORE, for the reasons set forth herein, the Trustee respectfully request that the

Court (a) enter an order substantially in the form attached hereto as Exhibit B, granting the relief

requested in this Motion and (b) grant such other and further relief as may be just, proper and

equitable.

    **Mark G. DeGiacomo, Chapter 7 Trustee of the Estate
of The Boston Institute for Psychotherapy, Inc.**

    **By his attorneys,**

      */s/ Anthony R. Leone*
    Mark. G. DeGiacomo - BBO #118170
    Anthony R. Leone - BBO #681760
    Murtha Cullina LLP
    99 High Street
    Boston, MA 02110-2320
    Telephone: 617.457.4000
    Facsimile: 617.482.3868
    mdegiacomo@murthalaw.com
    aleone@murthalaw.com

Dated: January 5, 2017

**Exhibit A**

TO:    Lisa Sutton, Boston Institute for Psychotherapy

FROM:  Myles Slosberg

DATE:  12/16/05

RE:    Joyce Slosberg Scholarship

Hi Lisa.  My children and I are working on the scholarship that we have been discussing with you.  We are drafting a letter that will be sent to our friends and family announcing the scholarship and asking for contributions.

The following describes my understanding of our discussions on the subject:

The name of the fund will be the Joyce Slosberg Memorial Scholarship.

The purpose of the scholarship is to provide financial aid to students in the BIP Clinical Fellow Program.

The BIP administration will decide which student will receive aid and decide the amount of the scholarship to be awarded.  My family does not wish to be involved in that process. We recognize that is best left to BIP professional administrators.

You may award scholarships to as many students as you wish. The students receiving scholarships can be first, second or third year students.  The same deserving student can receive scholarships in more than one school year.  We would like at minimum an annual update describing the scholarship awards and overall status of the scholarship fund.

The family does want to approve the total dollar amount of scholarships to be awarded each year.  This determination will be based on the principal balance in the scholarship fund and the estimated annual investment income.  This decision will be made after discussion with BIP administration.

It is our objective and hope that our fundraising efforts will raise a significant amount of money so that an endowment fund will eventually by raised and annual scholarships will be funded primarily by the fund's investment income.

As we discussed, I would like to be involved in the fund's investment decisions.

## Exhibit B

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) |  |
| Boston Institute for Psychotherapy, Inc., | ) | Case No. 16-13161-FJB |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## CHAPTER 7 TRUSTEE'S MOTION FOR ORDER AUTHORIZING THE TRUSTEE TO RETURN THE JOYCE SLOSBERG SCHOLARSHIP FUND TO ITS DONOR

Upon the Motion[1] of the Trustee, pursuant to Bankruptcy Code sections 105(a) and 541(d), seeking entry of an order authorizing the Trustee to transfer the Scholarship Fund to the donor, all as further described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; proper notice having been provided to all parties in interest, and the Court having found and determined that the relief sought in the Motion is appropriate and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1.    The Motion is granted as set forth herein.

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

2.      The Trustee is authorized to take all actions necessary to effectuate the relief

granted pursuant to this Order in accordance with the Motion.

3.      The Court retains jurisdiction with respect to all matters arising from or related to

the interpretation or implementation of this Order.


Boston, Massachusetts
Date: _____, 2017                    _____
                                            United States Bankruptcy Judge